## Case No. 13,510.

### STOVER v. KENNEDY.

### [5 Reporter, 136.] [1]

Circuit Court, E. D. Pennsylvania. Jan. 5, 1878.

BANKRUPTCY—PREFERENCE—AGREEMENT TO GIVE SECURITY—SECURITY GIVEN AFTER DEBTOR IS EMBARRASSED.

Where a debt is contracted and a certain security agreed to be given therefor by the debtor, which security is through mistake not given, and the debtor afterwards and in involved circumstances gives the security promised. it is not voidable as against creditors under the bankrupt act [of 1867 (14 Stat. 517)].

A bill in equity was filed by an assignee in bankruptcy to set aside a confession of judgment as in fraud of the bankrupt act. The bill and amendment alleged that on the 6th of September, 1876, Parker, subsequently adjudged a bankrupt, gave an agreement for a confession of judgment in favor of the defendant, who was his mother-in-law, upon which judgment was entered and execution issued; the said Parker being in contemplation of insolvency, and the confession being given in order to give a preference to the defendant, who

---

[1] [Reprinted by permission.]

had reasonable cause to believe that the confession was given in fraud of the act, and that Parker was insolvent.

The answer alleged that in June, 1868, Parker borrowed money of the defendant, and gave her a bond therefor, payable in one year; that it was agreed a judgment bond should be given for the sum borrowed, and the loan was made upon the faith of that contract; that the bond was drawn by Parker, and by mistake no warrant of attorney to confess judgment was inserted; that at the time Parker was solvent and in good credit; that the defendant believed she had a judgment bond until September 6, 1876, when the confession was given to correct the mistake in the original instrument, and in pursuance of the agreement under which the loan was made. The evidence supported the answer.

G. T. Bispham and Wayne McVeagh, for defendant.

The question is whether there is anything in the bankrupt act which forbids parties to a contract of loan correcting an error in the instrument which was intended to be the evidence of the terms of the contract. As between the original parties equity would reform the instrument. 1 Story, Eq. Jur. 5; Adams, Eq. 169. An assignee in bankruptcy, a judgment creditor, or a voluntary assignee, is not a bonâ fide purchaser for value without notice, against whom only equity will not interfere for the purpose of correcting a mistake. Story, Eq. Jur. § 165; Cooke v. Tullis, 18 Wall. [85 U. S.] 332; Mitchell v. Winslow [Case No. 9,673]; Donaldson v. Farwell, 3 Law & Eq. Rep. 401; Bump, Bankr. (9th Ed.) p. 494. The bankrupt law prohibits assignments with preferential intent; here the intent was merely to correct a mistake. The party has only done what equity would have compelled him to do. But, apart from the above, is a security given in pursuance of a prior agreement voidable, under the act, because of the insolvent condition of the debtor when it is actually given? The English rule is that it is not, if at the time the debt was contracted there was a distinct agreement that the specified security should be given. Hutton v. Cruttwell, 1 El. & Bl. 15; Harris v. Rickett, 4 Hurl. & N. 1; Ex parte Hall, 4 Ch. Div. 682. The rule seems to be favored in the United States. Sawyer v. Turpin, 91 U. S. 114; Wadsworth v. Tyler [Case No. 17,032]; In re Wood [Id. 17,937]; In re Reed, U. S. Dist. Ct. E. D. Pa. (unreported); Burdick v. Jackson, 7 Hun, 488.

J. Q. Hunsicker and B. M. Boyer, for plaintiff.

THE COURT (McKENNAN, Circuit Judge, and CADWALADER, District Judge) held that there having been an agreement to give a judgment to secure the loan at the time the loan was made, and the warrant to confess said judgment having been omitted by mistake, it was not a fraud upon the provisions of

the bankrupt act to carry out the terms of the contract, even after the circumstances of the debtor had become involved, and that the judgment should not be set aside; and further, that the issue of execution on the said judgment was not a fraudulent procurement of execution within the meaning of the act.